UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBIN T. RUBADO,

                Plaintiff,                **COMPLAINT**

-VS-                        Civil Action No.:

ROCHESTER CORNERSTONE GROUP, LTD;
CORNERSTONE PROPERTY MANAGERS, LLC;
ROGER W. BRANDT, JR., INDIVIDUALLY, AND
MEGAN WILDENHAUS, INDIVIDUALLY,

                Defendants.
_____

## JURY TRIAL DEMANDED

    Plaintiff demands a jury to try all claims triable by a jury.

## PRELIMINARY INTRODUCTION

    1.    Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12201 *et. seq*., and the New York State Human Rights Law, Executive Law §290 *et. seq* ("NYSHRL") for discrimination based upon religion and disability together with retaliation for opposing Defendants' discriminatory practices.

## JURISDICTION AND VENUE

    2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343; Title VII; and the ADA.

    3.    This Court has pendent jurisdiction over Plaintiff's state law claims under the

New York State Human Rights Law, Executive Law §290 *et. seq.* and pursuant to 28 U.S.C. §1367.

4.      Venue in this District is proper because Plaintiff resides in the Western District of New York, Defendants are located in the Western District of New York, and the events giving rise to the claims in this action arose in this District.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

5.       Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 16, 2021 (EEOC Charge No.:  525-2021-01224). Plaintiff repeats and realleges the allegations set forth in her Charge and incorporates the same as though fully restated in this Complaint *See* **Exhibit A**.

6.      A Right to Sue Notice was issued on September 19, 2022.  This Complaint was filed within ninety days of receipt of the Right to Sue Notice. *See* **Exhibit B.**

## PARTIES

7.      Plaintiff is a citizen of the United States and resides in Monroe County, New York.

8.      At all relevant times, Plaintiff was an employee of Defendants within the definition of "employee" under the ADA, Title VII and NYSHRL.

9.       Upon information and belief, at all relevant times, Defendants, Rochester Cornerstone Group, Ltd. ("RCG") and its wholly owned management company, Cornerstone Property Managers, LLC ("CPM"), were corporations authorized to conduct business in Monroe County, New York.

10.      Upon information and belief, at all relevant times, Roger W. Bandt, Jr. ("Brandt"), was the President  of RCG and CPM and resides in this District. Brandt is

individually liable under the NYSHRL because he aided, abetted, incited, compelled and coerced the discrimination suffered by Plaintiff.

11.     Upon information and belief, at all relevant times, Megan Wildenhaus ("Wildenhaus"), was the Human Resource Director for RCG/RCM. Wildenhaus is individually liable under the NYSHRL because she aided, abetted, incited, compelled and coerced the discrimination suffered by Plaintiff.

12.     At all relevant times, Defendants were "employer (s)" under the ADA, Title VII and NYSHRL.

## FACTS

13.     Defendants hired Plaintiff on or about February 25, 2013 as a Project Manager.  At the time of her hire, Plaintiff brought 20 years of experience in the property management field with a well-established track record of success.

14.     Plaintiff was promoted to the role of Vice President of Housing and held that position until her termination on or about February 11, 2021.   Plaintiff reported to Brandt.

15.     Plaintiff received regular performance appraisals during her 8-year tenure with Defendants.   Plaintiff was continually recognized for her excellent performance and significant contributions to Defendants' growth and overall success.

16.     Plaintiff was instrumental in creating and expanding Defendants' operations, including CPM, by adding new properties to its portfolio.

17.     Plaintiff was a salaried exempt employee and always maintained an extremely strong work ethic and expected her subordinates to also work hard and meet reasonable objectives.

18.     Plaintiff continuously worked 80 hour plus weeks to meet and exceed Defendants' increasing expectations and goals.

19.     Plaintiff is diagnosed with anxiety, depression and Type II diabetes. At all relevant times,  Defendants were aware of  Plaintiff's disabilities.

20.     Starting in or around February of 2019, Plaintiff advised Brandt and Wildenhaus that her intense workload adversely impacted her medical conditions.

21.     On or about February 15, 2019, Plaintiff showed Wildenhaus her Hemoglobin AIC (sugar level) results and expressed concern to Wildenhaus that her AIC was dangerously high at 9.1%. Plaintiff specifically told Wildenhaus that the increasing demands of her current position were causing unbearable stress which was negatively affecting her sugar levels and heightening her mental health conditions.

22.     Thereafter, Plaintiff repeatedly discussed her medical conditions with Brandt and Wildenhaus and asked for assistance in reducing her workload.   These requests were continually disregarded and/or minimized.

23.     On or about August 21, 2020, Plaintiff requested a reasonable accommodation by seeking a lower-level position as an "Area Manager" for the Rochester Portfolio which involved less hours and less overall responsibility.   The job was posted internally and available. Plaintiff was qualified for the position.

24.     Plaintiff advised Defendants that the available lower-level position was crucial to promoting her overall health. Plaintiff again referenced her dangerously high sugar levels and informed Defendants her eyesight was in jeopardy.

25.     Defendants refused Plaintiff's request for a reasonable accommodation and further refused to provide assistance or support to reduce her workload.

26.     Thereafter, Plaintiff continued to protest the denial of reasonable accommodations and placed Defendants on notice of her worsening medical conditions.

27.     On or about January 16, 2021,  Plaintiff, again, requested the posted position as "Area Manager" for the Rochester Portfolio as a reasonable accommodation of her disabilities.    Plaintiff explained that her health was continuing to suffer as a result of the rigorous demands of her current role.

28.     Defendants, again, refused Plaintiff's request for a reasonable accommodation for an available internal position.

29.     Plaintiff is Jewish. At all relevant times, Defendants were aware of Plaintiff's religion.

30.     Brandt started every company meeting with a prayer.  Brandt instructed employees, including Plaintiff, to "bow [your] heads and pray."

30.     Brandt is Catholic and openly discussed his faith in the workplace.

31.     Every year, Defendants hosted a Christmas party where Brandt prayed with employees. At every event, especially before meals, Brandt insisted all employees, including Plaintiff, participate in a prayer.

32.     Defendants regularly included religious quotes on meeting agendas.

33.     Plaintiff was visibly distraught about Brandt's religious practices in the workplace and protested the same.

34.     In or around February of 2021, for the first time in her 8-year tenure, Brandt addressed Plaintiff's "communication style" as suddenly problematic.

35.     Defendants' cited Plaintiff's supposed "unprofessional" communication with a few subordinates.  Significantly, these direct reports had major performance

deficiencies and were employed for very short periods of time.  Defendants claim that Plaintiff's "unprofessional" communication was the basis for her termination.  However, prior to Plaintiff's protests of discriminatory treatment and requests for reasonable accommodations, Plaintiff had an unblemished performance record as reflected in her performance appraisals.

36.     Plaintiff's "communication" or "professionalism" was never questioned until she opposed Defendants' ongoing discriminatory practices.

37.     Defendants subjected Plaintiff to illegal retaliation by subjecting her to heightened scrutiny of her work performance, targeting her for unfounded disciplinary write-ups, and, ultimately, terminating her because of her disability, Defendants' perceptions that Plaintiff is disabled, Plaintiff's requests for reasonable accommodations under the ADA and NYSHRL, her religion, and because she opposed Defendants' ongoing discriminatory practices.

38.     By reason of the foregoing, Defendants violated Plaintiff's rights pursuant to the ADA in that Plaintiff was discriminated against due to her disability.

39.     By reason of the foregoing, Defendants violated Plaintiff's rights pursuant to Title VII in that Plaintiff was discriminated  against due to her religion.

## FIRST CAUSE OF ACTION
## VIOLATION OF ADA – DISABILITY DISCRIMINATON/RETALIATION

40.     Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 – 39 above, including Exhibit A, and incorporates the same as though as though fully restated.

41.     Plaintiff is diagnosed with Type II Diabetes, anxiety and depression which

are considered disabilities under the ADA.

42.     Defendants discriminated against Plaintiff by refusing to provide her with reasonable accommodations for her known disabilities and retaliating against Plaintiff for seeking reasonable accommodations as a result of her disabilities.

43.      Upon information and belief, Defendants perceived Plaintiff as being disabled and terminated her on that basis.

44.      Defendants' refusal to provide or allow reasonable accommodations of Plaintiff's known disabilities such that she could continue to fulfill the essential functions of her job and Defendants' subsequent termination of Plaintiff constitutes discrimination in violation of the ADA.

45.     Defendants violated the ADA by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of Defendants as described above when they illegally and unlawfully perceived that Plaintiff could not perform the essential functions of her job due to her disabilities.

46.      As a direct and proximate result of the Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

47.      As a further and proximate result of Defendants' violations of the ADA, Plaintiff has been compelled to retain the services of legal counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent

of which are presently unknown to Plaintiff.  Accordingly, Plaintiff requests an award of attorney fees.

48.      Defendants' conduct as described in this Complaint was malicious and oppressive and done with a conscious disregard of Plaintiff's rights.  The acts were performed with a knowledge of an employer's economic power over its employees. Defendants ratified the unlawful conduct of its employees (including Brandt and Wildenhaus) in this action.  Consequently,  Plaintiff is entitled to exemplary (punitive) damages from Defendants.

## SECOND CAUSE OF ACTION
## VIOLATION OF NYSHRL -DISABILITY
## DISCRIMINATION/RETALIATION

49.      Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 – 48 above, including Exhibit A, and incorporates the same as though fully restated.

50.      Plaintiff is diagnosed with Type II Diabetes, anxiety and depression which are considered disabilities under the NYSHRL.

51.      Defendants discriminated against Plaintiff by refusing to provide Plaintiff with reasonable accommodations for her known disabilities and retaliating against Plaintiff for seeking reasonable accommodations as a result of her disabilities.

52.      Upon information and belief, Defendants perceived Plaintiff as being disabled and terminated her on that basis.

53.      Defendants' refusal to provide or allow reasonable accommodations to Plaintiff's known disabilities such that she could continue to fulfill the essential functions of her job and Defendants' subsequent termination of Plaintiff constitutes

discrimination in violation of the NYSHRL.

54.     Defendants violated the NYSHRL by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of the Defendants (including Brandt and Wildenhaus) as described above when they illegally and unlawfully perceived that the Plaintiff could not perform the essential functions of her job due to her disabilities.

55.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

56.     Defendants' conduct as described in this Complaint was malicious and oppressive and done with a conscious disregard of Plaintiff's rights.  The acts were performed with a knowledge of an employer's economic power over its employees. Defendants ratified the unlawful conduct of its employees (including Brandt and Wildenhaus) in this action.  Consequently, Plaintiff is entitled to exemplary (punitive) damages from Defendants.


### THIRD CAUSE OF ACTION
### VIOLATION OF TITLE VII- RELIGIOUS DISCRIMINATION/RETALIATION

57.     Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 – 56 above, including Exhibit A, and incorporates the same as though as though fully restated.

58.     Plaintiff is Jewish.

59.     Defendants discriminated against Plaintiff by mandating that she participate in prayers and other religious events/activities in the workplace and retaliating against Plaintiff for protesting such discriminatory practices.

60.     Upon information and belief, Defendants' actions despite knowing Plaintiff's religious affiliation and Defendants' subsequent termination of Plaintiff constitutes discrimination in violation of Title VII.

61.     Defendants violated  Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of Defendants as described above when they illegally and unlawfully discriminated against Plaintiff due to her religion.

62.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

63.     Defendants' conduct as described in this Complaint was malicious and oppressive and done with a conscious disregard of Plaintiff's rights.  The acts were performed with a knowledge of an employer's economic power over its employees. Defendants ratified the unlawful conduct of its employees (including Brandt and Wildenhaus) in this action.  Consequently, Plaintiff is entitled to exemplary (punitive) damages from Defendants.

## FOURTH CAUSE OF ACTION
## VIOLATION OF NYSHRL – RELIGIOUS DISCRIMINATION/RETALIATION

64.     Plaintiff repeats and realleges by reference each and every allegation

contained in paragraphs 1 – 63 above, including Exhibit A, and incorporates the same as

though as though fully restated.

65.     Plaintiff is Jewish.

66.     Defendants discriminated against Plaintiff by mandating that she participate in

prayers and other religious activities and events in the workplace and retaliating against

Plaintiff for protesting such discriminatory practices.

66.     Upon information and belief, Defendants' actions despite knowing

Plaintiff's religious affiliation and Defendants' subsequent termination of Plaintiff

constitutes discrimination in violation of the NYSHRL.

67.     Defendants violated the NYSHRL by failing to adequately supervise, control,

discipline, and/or otherwise penalize the conduct, acts and failures to act of the

Defendants as described above when they illegally and unlawfully discriminated against

Plaintiff due to her religion.

68     As a direct and proximate result of Defendants' willful, knowing and

intentional discrimination against her, Plaintiff has suffered and will continue to suffer

severe mental and emotional anguish, and she has suffered and will continue to suffer a

loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby

entitled to general and compensatory damages in an amount to be proven at trial.

69.     Defendants' conduct as described in this Complaint was malicious

and oppressive and done with a conscious disregard of Plaintiff's rights.  The acts were

performed with a knowledge of an employer's economic power over its employees.

Defendants ratified the unlawful conduct of its employees in this action.  Consequently,

Plaintiff is entitled to exemplary (punitive) damages from Defendants.


**WHEREFORE,** Plaintiff, Robin T. Rubado, demands judgment against

Defendants in an amount to be determined upon the trial of this action and for such other

relief as the Court deems just and proper.


Dated:  December 5, 2022

THE CIMINO LAW FIRM, PLLC


*/S/ MICHELLE Y. CIMINO*
Michelle Y. Cimino, Esq.
*Attorney for Plaintiff, Robin T. Rubado*
855 Publishers Parkway
Rochester, New York 14580
(585) 347-6200
mcimino@cimino-law.com

# EXHIBIT A – EEOC CHARGE

STATE OF NEW YORK)
COUNTY OF MONROE) ss.:

ROBIN RUBADO, being duly sworn, deposes and says:

1. I am making this Affidavit regarding incidents of disability discrimination; religious discrimination  and retaliation during my tenure with Rochester Cornerstone Group ("RCG") and Cornerstone Property Managers, LLC ("CPM"). I am a female and my date of birth is August 14, 1967  I am Jewish and diagnosed with anxiety, depression and diabetes.   My contact information is as follows:

> 1540 Rosa Circle
>
> Webster, New York 14580
>
> (585) 802-5356
>
> rrubado@rochester.rr.com

2. RCG is a development and property management company that provides affordable housing in Upstate New York. RCG has a wholly-owned management company, Cornerstone Property Managers, LLC.,   ("CPM".)  RCG hired me  in or around February of 2013 as a Project Manager and to create CPM. I expanded and developed CPM by adding new properties to its portfolio, etc.  I then  took over the role of Vice President of Housing .   I held that position at the time of my termination.    My reporting supervisor was Roger Brandt, RCG President ("Brandt"). The contact information for RCG is as follows:

> Lorisa D. LaRocca, Esq.
>
> Woods Oviatt Gilman LLP
>
> 1900 Bausch & Lomb Place
>
> Rochester, New York 14604

1

(585) 987-2834

llarocca@woodsoviatt.com

Rochester Cornerstone Group Ltd.

Roger Brandt, President

450 White Spruce Blvd.

Rochester, New York 14623

3.      At the time of my hire, I had over 20 years of experience in the property management field with a well-established track record of success along with various awards and accolades. I was instrumental in growing RCG and CPM to the extremely profitable company it is today. I devoted 80 plus hour a week for nearly 8 years.

4.      I am diagnosed with Type II diabetes, depression, and anxiety. The Respondents were fully aware of my disabilities.

5.      Throughout my entire tenure, at every company meeting, Brandt started every meeting with a prayer. The President instructed us to "bow our heads and pray." Brandt is Catholic and openly discusses his faith in the workplace. I felt very uncomfortable during these meetings which was well known to other employees. Brandt was aware that I was Jewish because I spoke to him about placing my mother in a Jewish nursing home as far back as 2015.

6.      Every year, the company hosted a Christmas party where Brandt prayed with the employees. At any event, especially before meals, Brandt insisted on a prayer.

7.      Brandt included religious quotes on Monday morning agendas.

8.      On or about August 21, 2020, I requested a lower level position as an "Area Manager"

for the Rochester Portfolio which would involve less hours and less overall stress. This job was posted internally and available. I specifically advised Brandt and Megan Wildenhuas, Director of Human Resources ("Wildenhaus"), that the stress levels placed on me in my current position were negatively impacting my diabetes, anxiety and depression. In particular, I told. Wildenhaus that my sugar levels were dangerously high and my eyesight was in danger. The Respondents denied this new job request and insisted that I continue in my current role where I was working grueling hours to meet company goals. RCG/CPM failed to grant my request for a reasonable accommodation of my disabilities.

9.     On or about January 16, 2021, again, I asked for the posted position to manage the Rochester Portfolio. I explained that my health was continuing to suffer as result of the rigorous demands of my current role. RCG/CPM denied this request for a reasonable accommodation and told me that I was doing an outstanding job for the company.     I protested these denials.

10.     On or about February 11, 2021, I was terminated for supposedly "unprofessional" communication with my subordinates. My communication style has never been cited as a problem area in any of my performance appraisals. This mode of communication only became an "issue" after I complained about the Respondents' failure to reasonably accommodate my disabilities.     I have a very strong work ethic and expect a high level of performance from my reports. My managerial style has not changed since I started with the Respondent nearly 8 years ago. I have many colleagues and managers that will attest to my stellar work product and my proven abilities. In fact, there are many employees who only came to work for me at RCG/CPM because of my positive working relationships with them at prior companies.

11      After my complaints of discrimination on the basis of disability and my protests

regarding unfair treatment based upon my religion,  I was retaliated against by the Respondents.

Specifically, I was subjected to heightened scrutiny of my work performance; targeted for

unfounded disciplinary write-ups and, ultimately, terminated without cause.

12.     As a direct result of the Respondents'  discrimination and retaliation, I suffered and

continue to suffer severe anxiety, insomnia, weight loss, stomachaches/nausea, etc. requiring

ongoing medical and psychiatric care and medication.   I also lost substantial amounts of income

and employee benefits as a result of discrimination and retaliation.

13.    The Respondents condone and encourage a pattern and practice of discrimination and

retaliation.  At this time, it is my understanding that another employee, Sarah Harris, is pursuing

claims of gender discrimination and retaliation against the Respondent(s). It is also my

understanding that the Respondent(s) has made unfair and inaccurate allegations about Ms.

Harris' job performance and abilities as a defense.

14.     The Respondents' actions as described in this Affidavit and exhibits were willful violations of Title VII.

Dated:  June 16, 2021

ROBIN RUBADO

Sworn to before me
June 16, 2021

Notary Public

THE CIMINO LAW FIRM, PLLC

Michelle Y. Cimino, Esq.
855 Publishers Parkway
Webster, New York 14580
(585) 347-6200 tel
(585) 347-6201 fax
mcimino@cimino-law.com

**MICHELLE Y. CIMINO**
Notary Public - State of New York
Monroe County, Reg. # 02CI6031099
Commission Expires January 28, 20

5



**U.S. Equal Employment Opportunity Commission**
**Buffalo Local Office**

300 Pearl Street
Suite 450
Buffalo, NY 14202
(716) 431-5007
TDD: 1-800-669-6820
Fax: (716) 551-4387
1-800-669-4000

Respondent: ROCHESTER CORNERSTONE GROUP
EEOC Charge No.: 525-2021-01224
FEPA Charge No.:

July 7, 2021

Robin Rubado
1540 Rose Circle
Webster, NY 14580

Dear Ms. Rubado:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

| | |
|---|---|
| [X] | Title VII of the Civil Rights Act of 1964 (Title VII) |
| [ ] | The Age Discrimination in Employment Act (ADEA) |
| [X] | The Americans with Disabilities Act (ADA) |
| [ ] | The Equal Pay Act (EPA) |
| [ ] | The Genetic Information Nondiscrimination Act (GINA) |

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to New York State Division Of Human Rights Federal Contract Unit One Fordham Plaza, 4 Fl. Bronx, NY 10458 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

The quickest and most convenient way to obtain the contact information and the status of your charge is to use EEOC's Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Jean E. Mulligan
Investigator
(716) 431-5013

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s):       cc:       Michelle Cimino, Esq.
THE CIMINO LAW FIRM PLLC
855 Publishers Parkway
Suite 1
Webster, NY 14580



# WHAT YOU SHOULD DO
# AFTER YOU HAVE FILED A CHARGE WITH EEOC

➢ ***KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC***

Now that you have filed an EEOC charge, you must keep anything that might be evidence related to your charge. This includes **all** documents, communications, and electronic information that are potentially related to your EEOC charge, including the harm caused by the discrimination, and all records of your communications with the EEOC.  Even if you are not sure whether the information is relevant to your discrimination claim, please do not throw it away or delete it.

---

➢ ***WHAT INFORMATION MUST YOU KEEP?***
- **Paper documents**, such as:
    - Employee manuals, pay stubs, work schedules
    - Letters, memos, your notes
    - Pictures, drawings, charts, whether or not they contain words
- **Electronic information**, such as:
    - E-mails, text messages, tweets, and social media posts and pictures
    - Voice messages, video and sound recordings
    - Word processing documents, electronic calendar entries
- **Electronic memory on devices or the devices themselves**, such as:
    - Memory on computers, laptops, tablets, cell phones
    - Computers, laptops, tablets, cell phones
    - Do not delete, replace, alter, "wipe," or "clear" your computer hard drive, electronic tablet, or cell phone, and do not change or remove Internet posts, without retaining an electronic copy.  If you dispose of any old computers, phones or devices, make sure you make and keep an electronic copy of all potentially relevant information on the device.
- These are some examples and not a complete list.
- If you have questions about what you should or should not do, please contact your investigator.

---

*Why must you keep this information?*  It might be evidence related to your charge. We are required by the courts to ensure that all potentially relevant information is retained. **Please note that failure to keep these records may cause you to lose your case, or to lose the right to recover money lost due to the discrimination.**

*What happens to your information?* Your investigator will discuss with you what information is needed by the EEOC to investigate your charge.  Information that you provide that happens to be private or personal in nature will not be disclosed by the EEOC during its investigation, and if the EEOC files suit on your charge, we will do our best to keep such information out of the court proceedings.

*Please see page 2 for additional important information.*

**Page 1**

➢ *__LOOK FOR WORK IF YOU ARE OUT OF WORK__*

If you lost your job or were not hired due to discrimination, you may be entitled to the pay or wages you lost.  However, you cannot receive lost wages unless you can show that you looked for another job to replace the one you lost or were denied due to discrimination.  In order to prove you searched for work, you must keep copies of all letters, emails, or other evidence of your job search.  If you succeed in finding a new job but it pays less than the job you lost, you may be entitled to the difference in pay.  Therefore, it is necessary to keep all evidence of your job search even if you find another job.

In addition to looking for work, you should keep good records of your job search so you can prove that you have tried to find a comparable job.  If you are out of work because of discrimination, be sure to save ***all*** documents and communications, including e-mails, relating to your job search.

---

➢ *__WHAT ARE RECORDS OF YOUR JOB SEARCH?__*

The following types of information can prove that you have tried to find work:
- copies of job applications and resumes

- a list of all the companies you contact about jobs by phone, letter or in-person

- copies of e-mails or letters that you send to or receive from companies where you have asked about work or submitted an application

- a list all of the places where you apply and for each one,
  a. the date of the application;
  b. the position you were seeking;
  c. the response you received from your application, such as rejection letters or invitations to interview;
  d. whether you were interviewed and the date of the interview;
  e. the results of the interview;
  f. whether you turned down a job offer, and if you did, why

- notes about what you did to look for work (for example, searching the newspaper or Internet or contacting employment agencies) and the dates that you conduct the search

- copies of your pay stubs or earnings records if you find another job.

If you have questions about what you are required to do, please contact your investigator.

---

➢ *__KEEP US INFORMED__*

Once you file a charge with the EEOC, you must tell us if you move or get a new address, telephone number, or e-mail address. We may need to talk to you to get more information.  If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

➢ *__CALL IF YOU HAVE QUESTIONS__*

Your investigator will discuss with you the documents and other evidence we need to investigate your charge. If you have any questions, or for inquiries about the status of your case, please contact your investigator directly or call 1-800-669-4000.

# EEOC Online Charge Status System Tip Sheet

Find out about the status of your charge of discrimination any time, day or night, using the EEOC Online Charge Status System.   The system is available for charges that were filed on or after September 2, 2015.

- Access the Online Charge Status System via this link https://publicportal.eeoc.gov/portal/ or select the "My Charge Status" button on www.eeoc.gov.

- Enter your assigned charge number (found in the upper right hand corner on your discrimination charge form) and your zip code (as it appears on your discrimination charge form) to sign in.  (If you have provided a new address and zip code to EEOC, use the new zip code.) You will be asked to enter a security code displayed in a box on the sign-in screen that is provided to assure additional security for the system.

- After you have signed into the Online Charge Status System, you will see the screen display pictured below. The numbers on the screen shot refer to the features explained beneath it.*



1. A quick view of the stage in the process at which your charge is currently.
2. The name and contact information of the EEOC staff member assigned to your charge or a note that your charge is pending assignment.
3. The EEOC office (and its address) that is handling your charge.
4. The specific actions the EEOC has taken on your charge, numbered sequentially, and the date of each action. (hold cursor over each action to read further details about the task).
5. The general steps in the process, with additional explanations that display when you hold your cursor over a colored box.
6. The range of next steps possible in the investigative process, which pops up when the cursor is held over this box.
7. The flow of the overall investigative process, which comes up when you click on this box.
8. Ends your session on the Online Charge Status System.

*Not every stage of the enforcement process will display for every charge, as each charge follows the process most appropriate to the facts in the charge and the stages of the investigation.

Keep in mind that the EEOC process takes time, so there will be gaps between entries about your charge in the Online Charge Status System. Even when you do not see any change in the status of your charge, EEOC staff are hard at work.

# EXHIBIT B– RIGHT TO SUE NOTICE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

300 Pearl Street, Ste. 450
Buffalo, NY  14202

Robin T. Rubado
1540 Rose Circle
Webster, NY  14580

Re:     *Rubado v. Rochester Cornerstone Group*
        EEOC Charge No. 525-2021-01224

Dear Ms. Rubado:

This office is in receipt of your request for a Notice of Right to Sue on the above-referenced charge. Under Title VII and the ADA, the EEOC can issue the notice of right to sue on request where more than 180 days have passed since the filing of the charge.  Your charge was filed on June 16, 2021. Enclosed is your notice of right to sue.

If you have any further questions, you may contact Investigator Jean E. Mulligan at (716) 431-5013.

Sincerely,

Maureen Kielt
Director

Enc.

CC:

Michelle Cimino, Esq.
The Cimino Law Firm PLLC
855 Publishers Parkway, Suite 1
Webster, NY  14580

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   **Ms. Robin T. Rubado**
      **1540 Rose Circle**
      **Webster, NY 14580**

From:   **Buffalo Local Office**
        **300 Pearl St, Suite 450**
        **Buffalo, NY 14202**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **525-2021-01224** | **Jean Mulligan,**<br>**Federal Investigator** | **716-431-5013** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Maureen Kielt**
**Director**

cc:   **Roger Brandt**
      **ROCHESTER CORNERSTONE GROUP, LTD.**
      **450 White Spruce Blvd**
      **Rochester, NY 14623**

      **Lorisa Larocca**
      **WOODS OVIATT GILMAN LLP**
      **1900 Bauch & Lomb Place**
      **Rochester, NY 14604**

      **Megan Wildenhaus**
      **ROCHESTER CORNERSTONE GROUP, LTD.**
      **460 White Spruce Blvd**
      **Rochester, NY 14623**

      **Michelle Cimino**
      **THE CIMINO LAW FIRM PLLC**
      **855 Publishers Parkway Suite 1**
      **Webster, NY 14580**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*